IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID JOE EPPERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 04-CV-0550-CVE-PJC |
| | ) |
| MIKE MULLIN, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. #1). Petitioner is a state prisoner and appears through his attorney, Steven Presson. Respondent filed a response (Dkt. # 4) to the petition, and provided the state court record (Dkt. # 5) necessary for resolution of Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

Deanna Sanders and her two sons moved in with Petitioner and his son in March, 1998. Ms. Sanders was working two jobs, and Petitioner was the caretaker for the children. While at work in the early afternoon of June 6, 1998, Ms. Sanders received a call from Petitioner that he was unable to wake up Ms. Sanders' two-year-old son Michael. She went home immediately and discovered that Michael was pale, his lips were blue, his eyes were half-opened, and he was barely breathing. Unable to wake Michael, Ms. Sanders instructed Petitioner to call 911. Michael was taken to the emergency room at St. Francis Hospital, where he was diagnosed with severe head injuries. He also had multiple bruises and injuries to other parts of his body, some of which appeared to have resulted from earlier incidents. Petitioner explained to the police that Michael had hit his head while outside

playing near a concrete culvert, then came into the house acting tired, took a drink from Petitioner, and then went to sleep. Although Michael did not die as a result of his injuries, he is permanently disabled.

As a result of these events, Petitioner was charged in Tulsa County District Court with Injury to a Minor Child, Case No. CF-98-6171. He was convicted by a jury and sentenced to life imprisonment. Petitioner was represented at trial by attorneys Larry Oliver and Carolyn Wilson.

Petitioner appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Steven M. Presson, Petitioner raised four (4) propositions of error on direct appeal, as follows:

| | |
|---|---|
| Proposition I: | There was insufficient evidence to show that a crime had been committed or that David Epperson committed a crime. |
| Proposition II: | The circumstantial case presented by the state fails to foreclose other reasonable scenarios of innocence. |
| Proposition III: | David Epperson was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments. |
| Proposition IV: | Prosecutorial misconduct deprived David Epperson of due process of law and a fundamentally fair trial. |

See Dkt. # 4, Ex. B. In an unpublished summary opinion, filed April 14, 2003, in Case No. F-2001-277, the OCCA rejected each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court (Dkt. # 4, Ex. E). Nothing in the record suggests that Petitioner sought a *writ of certiorari* from the United States Supreme Court. He did not seek post-conviction relief in the state courts.

Petitioner now seeks federal habeas corpus relief. In his petition filed on July 12, 2004, Petitioner raises three (3) grounds of error as follows:

> Ground 1: There was insufficient evidence, as a matter of Federal Constitutional law, to show that a crime had been committed or that David Epperson committed a crime.
>
> Ground 2: David Epperson was denied the effective assistance of trial counsel guaranteed by the Sixth and Fourteenth Amendments.
>
> Ground 3: Prosecutorial misconduct deprived David Epperson of due process of law and a fundamentally fair trial.

See Dkt. # 1. In response to the Petition, Respondent asserts that Petitioner's claims do not justify relief under 28 U.S.C. § 2254(d). See Dkt. # 4.

*ANALYSIS*

**A.    Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes, and the Court agrees, that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.    Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented each of his three grounds on direct appeal. The OCCA considered, but rejected, each claim. See Dkt. # 4, Ex. E. Therefore, the § 2254(d) standard applies to this Court's analysis of Petitioner's claims.

*1. Insufficient evidence (ground one)*

As his first proposition of error, Petitioner argues that the evidence presented to the jury was circumstantial and insufficient to support his conviction. He claims the state did not prove a crime had been committed,[1] and the jury's verdict was "total guesswork . . . based on passion and prejudice." See Dkt. # 1 at 16. In particular, Petitioner asserts that the state did not prove that willful or malicious conduct by Petitioner caused the injuries to the two year old child. On direct appeal, the OCCA rejected Petitioner's claim of insufficient evidence, finding that "the evidence, viewed

---

[1] The Court is somewhat perplexed by Petitioner's repeated assertion in his petition that there is "no evidence" a crime was committed. See Dkt. #1 at 12-16. Petitioner's own defense expert witness, Dr. Lloyd White, testified that the victim suffered from intentionally inflicted injuries as opposed to accidental injuries. See Dkt. # 5, Tr. Trans. Vol. III at 613. Dr. White further opined that the pattern of injuries was characteristic of child abuse and represented a classic case of battered baby syndrome. Id. at 641, 648, 651.

4

in a light most favorable to the State, was sufficient to exclude every reasonable hypothesis except that of guilt." See Dkt. # 4, Ex. E at 2. Respondent asserts that the OCCA's decision was not contrary to, or an unreasonable application of, federal law (Dkt. # 4 at 13).

As stated above, a writ of habeas corpus will not be issued unless the state court's legal conclusions are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or the state court's factual conclusions are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. at § 2254(d)(2). "[A] determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Tenth Circuit authority is divided as to "whether, under AEDPA, we review a sufficiency-of-the-evidence issue as a legal determination under 28 U.S.C. § 2254(d)(1) or a factual finding under § 2254(d)(2) and (e)(1)." Romano v. Gibson, 239 F.3d 1156, 1164 n.2 (10th Cir. 2001); see also Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004); Torres v. Mullin, 317 F.3d 1145, 1151 (10th Cir. 2003). Under either standard, Petitioner's claim in this case fails.

In a habeas proceeding, this Court must review the sufficiency of the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Significant to Petitioner's argument, both direct and circumstantial evidence are considered in determining whether evidence is sufficient to support a conviction. Lucero v. Kerby, 133 F.3d 1299, 1312 (10th Cir. 1998). Further, the Court evaluates the sufficiency of the evidence by "consider[ing] the collective inferences to be drawn from the evidence as a whole." United States v. Wilson, 107 F.3d 774, 778 (10th Cir. 1997) (quoting United States v. Hooks, 780 F.2d 1526, 1532

5

(10th Cir. 1986)). The Court does not weigh conflicting evidence or consider witness credibility. Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). This standard of review respects the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the testimony presented at trial. Jackson, 443 U.S. at 319. Under the AEDPA, the Court must decide whether the OCCA's finding that there was sufficient evidence to support a jury's guilty verdict was contrary to or an unreasonable application of Jackson. See 28 U.S.C. § 2254(d)(1); Spears v. Mullin, 343 F.3d 1215, 1238-39 (10th Cir. 2003).

Applying this standard, this Court concludes that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. Oklahoma law in effect at the time of Petitioner's crime provides the substantive elements of Injury to a Minor Child as: (1) willfully or maliciously; (2) caused or procured; (3) injury; (4) on a child under the age of eighteen. See Okla. Stat. tit. 10, § 7115 (1996). Petitioner concedes that the state proved the last two elements, but argues that "there is a total absence of evidence on elements one and two." See Dkt. # 1 at 16. Contrary to Petitioner's argument, the Court finds that there was sufficient evidence to allow a rational jury to draw reasonable inferences and conclude that Petitioner willfully or maliciously caused Michael's injuries.      The Tenth Circuit Court of Appeals has noted that child abuse cases are commonly built upon circumstantial evidence. United States v. Chacon, 194 F.3d 1321, 1999 WL 728008 (10th Cir. 1999) (unpublished)[2]; see United States v. Leight, 818 F.2d 1297, 1301 (7th Cir. 1987); United States v. Boise, 916 F.2d 497, 499 (9th Cir. 1990) ("We acknowledge that the evidence here, as in

---

[2]   Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

6

most child abuse cases, is circumstantial. But if such evidence is of sufficient quality to convince a jury beyond a reasonable doubt, we require no more."). As in many child abuse cases, the State of Oklahoma was faced with proving that Petitioner caused Michael's injuries even though there were no eyewitnesses to the abuse, and the victim was too young to describe what happened to him. In spite of these difficulties, the State presented credible evidence supporting its contention that the injuries to Michael were caused by the willful or malicious acts of Petitioner.

The jury heard evidence that Petitioner was Michael's sole caretaker on June 6, 1998, when the injuries to Michael occurred. See Dkt. # 5, Tr. Trans. Vol. II at 317; Vol. III at 514. The child's mother, Deanna Sanders, testified that Michael was fine when she left for work the morning of June 6, 1998. According to the testimony of medical experts, Petitioner's explanation of the possible cause of Michael's injuries was inconsistent with the injuries. Id., Tr. Trans. Vol. II at 282, 440. Medical experts, including Petitioner's expert witness, testified that the victim's injuries were consistent with child abuse. Id. at 282; Vol. III at 613. The Court concludes that the evidence, when viewed in a light most favorable to the State, was sufficient to allow the jury as a rational trier of fact to have found the essential elements of injury to a minor child beyond a reasonable doubt. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. The Court therefore concludes that the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has not clearly settled whether

sufficiency of the evidence on habeas review presents a question of law or fact). As a result, the Court finds habeas corpus relief should be denied on this claim.

### *2. Ineffective assistance of trial counsel (ground two)*

Petitioner presents three claims of ineffective assistance of trial counsel in ground two. First, he asserts that his counsel failed to utilize available evidence regarding the violent history of Petitioner's son. Second, he claims his trial counsel failed to wear his hearing aid during the trial. Last, he asserts that his trial counsel was ineffective for failing to allow Petitioner to testify in his own defense. Citing Williams v. State, 22 P.3d 702 (Okla. Crim. App. 2001),[3] the OCCA rejected each of these claims, finding that the first and third alleged instances of ineffective assistance were strategic decisions, and the alleged failure to wear a hearing aid was not supported by the evidence. See Dkt. # 4, Ex. E at 2.

Petitioner is not entitled to habeas corpus relief on his claims of ineffective assistance of counsel unless he establishes that the OCCA's adjudication of the claims was an unreasonable application of Supreme Court precedent. Petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). Petitioner must establish the first prong by showing that his counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on

---

[3]   The OCCA specifically found in the Williams case that the standard of review for ineffective assistance of counsel claims is the two-prong test established in Strickland v. Washington, 466 U.S. 668 (1984). See Williams, 22 P.3d at 728.

the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, Petitioner must show that this deficient performance prejudiced the defense to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). Failure to establish either prong of the Strickland standard will result in denial of relief. Strickland, 466 U.S. at 697.

*Failure to present evidence regarding violent history of Geoffrey Epperson*[4]

Petitioner asserts that his trial counsel failed to utilize "thousands of pages of records showing the medical psychiatric history of Geoffrey Epperson and his longstanding and frequent outbursts of violence" which they had amassed during their investigation. See Dkt. # 1 at 18. Petitioner contends that the omitted evidence would have "provided unparalleled support for [Petitioner's] defense that [his son] Geoffrey must have committed the injurious act upon Michael." Id. at 20. This ineffective assistance claim was raised on direct appeal, and the OCCA remanded the matter to the district court for an evidentiary hearing (Dkt. # 4, Ex. G). After holding a hearing to determine if Petitioner's counsel was ineffective for failing to introduce evidence of Geoffrey's violent history, the district court issued its "Findings of Fact and Conclusions of Law." See Dkt. #

---

[4]   Petitioner's son, Geoffrey Epperson, was ten years old at the time of the injuries to the victim (Dkt. # 5, Tr. Trans. Vol. II at 315).

9

4, Ex. H. The trial judge concluded that the decision to use or not use certain documents regarding Geoffrey's behavior was legitimate trial strategy premised upon a number of considerations, including the documents being cumulative of other evidence introduced, the documents not being relevant to the issues at trial, and the information contained in the documents was otherwise available. Id. at 11. The trial court found that counsel's representation did not constitute ineffective assistance under a Strickland analysis. Id. In its direct appeal decision, the OCCA concurred with the district court's findings (Dkt. # 4, Ex. E).

In order to obtain relief on this claim, Petitioner must overcome the strong presumption that his counsel's decisions regarding use of information can be characterized as sound trial strategy. See Strickland, 466 U.S. at 696-97. The Court finds that the alleged omissions of counsel were within the wide range of reasonable professional judgment. Id. at 691. Petitioner concedes that his counsel "appears to have done an outstanding job investigating the case and developing the case for trial." See Dkt. # 1 at 22. The Strickland Court observed, "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Strickland, 466 U.S. at 690. Nothing in Petitioner's impassioned claim that his attorney was ineffective for failing to introduce more evidence concerning Geoffrey's violent history persuades the Court that counsel's representation rose to the level of constitutional ineffectiveness. The Court therefore concludes that the OCCA's resolution of Petitioner's claim was not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts, 28 U.S.C. § 2254(d)(2). As a result, the Court finds habeas corpus relief should be denied on this claim.

*Failure to wear hearing aid during trial*

For his second claim of ineffective assistance of counsel, Petitioner asserts that his trial counsel, Larry Oliver, apparently forgot to bring his hearing aid to trial. See Dkt. # 1 at 23. The OCCA found that this claim "is not supported by the record." See Dkt. # 4, Ex. E at 2. The Court agrees. Although the trial transcript reveals instances where Mr. Oliver indicated he could not hear the state's attorney or could not hear a witness (see, e.g., Dkt. # 5, Tr. Trans. Vol. II at 248, 262, 276, 282), there is no evidence that he was not wearing his hearing aid. Further, in at least one instance the trial judge asked the state's attorney to "please speak up a little bit" because he could just barely hear her (id. at 249). Even if Petitioner's claim were true, he has failed to establish prejudice under the second prong of Strickland because he has not met his "burden of showing that the decision reached would reasonably likely have been different" if his attorney had worn his hearing aid. See Strickland, 466 U.S. at 695. Petitioner is not entitled to habeas relief on this claim.

*Failure to have Petitioner testify in his defense*

As his final claim of ineffective assistance of counsel, Petitioner alleges that he did not have the opportunity to tell the jury that he did not harm Michael (Dkt. # 1 at 23). Assuming *arguendo* that his trial counsel's performance was deficient because he failed to advise Petitioner of his right to testify, Petitioner has failed to show prejudice from his counsel's performance. Petitioner must show that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. Strickland, 466 U.S. at 694. Although he claims he "had no prior convictions, and there were no other crimes or bad acts surrounding him for which he could be impeached in front of the jury" (Dkt. # 1 at 24), the prosecution would certainly have challenged his versions of events that were contradicted by the expert testimony of two doctors. Even Dr.

11

White, the defense expert, testified that the history of events presented by Petitioner to the police was inconsistent with the injuries to Michael. See Dkt. # 5, Tr. Trans. Vol. III at 639-40. Given the testimony presented by other witnesses, Petitioner has failed to demonstrate that he was prejudiced by the fact that he did not testify at trial. Petitioner is not entitled to habeas corpus relief on this ground of alleged ineffective assistance of counsel.

### *3. Prosecutorial misconduct (ground three)*

As his third proposition of error, Petitioner complains that the prosecutor engaged in misconduct during closing arguments when she implied that Petitioner and his son were working together to exonerate Petitioner by placing the blame on Geoffrey. See Dkt. # 1 at 25; Dkt. # 5, Tr. Trans. Vol. III at 729-32. The OCCA reviewed this allegation of error on direct appeal and found that the prosecutor's statement did not amount to prosecutorial misconduct. See Dkt. # 4, Ex. E.

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-648 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir.1998). Inquiry into the fundamental fairness of a trial requires examination of the entire proceedings. Donnelly, 416 U.S. at 643. "To view the prosecutor's [conduct] in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's [conduct] plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999).

After reviewing the entire trial transcript, this Court finds that the OCCA's rejection of this claim was not an unreasonable application of constitutional law. The Court finds, after careful

review of the trial transcript, that the alleged misconduct by the prosecutor did not plausibly tip the scales in favor of the prosecution. In light of the strength of the evidence presented in this case, the Court finds no reasonable probability that the verdict would have been different without the incidents of alleged misconduct by the prosecutor and concludes that the proceedings against Petitioner were not rendered fundamentally unfair by prosecutorial misconduct. Pursuant to § 2254(d), habeas corpus relief on this claim shall be denied.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States. His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**DATED** THIS 15th day of September, 2008.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT